IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv477
(3:06cr185)

| | |
|---|---|
| HANK AARON JOHNSON, )<br>)<br>Petitioner, )<br>v. )<br>)<br>UNITED STATED OF AMERICA, )<br>)<br>Respondent. ) | **ORDER** |

**THIS MATTER** is before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Doc. No. 1); the Government's Answer and Motion for Summary Judgment (Doc. Nos. 7 and 8); Petitioner's Responses (Doc. No. 9, 13), and his Motion to Supplement, Amend, and/or Clarify (Doc. No. 12). For the reasons stated below, Petitioner's Motions to Vacate and to Amend will be dismissed and denied, and the Government's Motion for Summary Judgment will be granted.

I.  PROCEDURAL HISTORY

On July 26, 2006, Petitioner was charged in a Bill of Indictment with possession with intent to distribute cocaine base and aiding and abetting, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count One); using and carrying a firearm during and in relation to a drug trafficking offense and possession of a firearm in furtherance of that offense, in violation of 18 U.S.C. § 924(c) (Count Two); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Case No. 3:06cr185, Doc. No. 1). On September 5, 2006, the Government filed a notice pursuant to 21 U.S.C. § 851. (Id., Doc. No. 7).

On December 13, 2006, Petitioner filed a Plea Agreement in which he agreed to plead guilty to Count Three, the felon-in-possession count. (Id., Doc. No. 20). The agreement recited the statutory maximum sentence of ten years' imprisonment but noted the possibility of life imprisonment under 18 U.S.C. § 924(e)(1). (Id. ¶ 4). The agreement also contained an explicit waiver of Petitioner's right to contest the conviction or sentence except on the basis of prosecutorial misconduct; ineffective assistance of counsel; or the sentence, if the Court made Guidelines determinations contrary to express stipulations of the parties or if the Court certified an unanticipated issue for appeal. (Id. ¶ 20).

On December 15, 2006, a magistrate judge questioned Petitioner during a Plea and Rule 11 hearing to ensure that he understood the nature and consequences of the proceedings and his actions. (Id., Doc. No. 37: Plea Hr'g Tr.). Petitioner affirmed under oath that he understood the elements of the offense, the maximum penalty, and the fact that he was guilty of the felon-in-possession charge. (Id. at 6-10). Petitioner also affirmed that he understood how the Sentencing Guidelines might apply to his case, that he might receive a sentence that was either higher or lower than that called for by the Guidelines, and that even if his sentence was more severe than expected, he would still be bound by his plea. (Id. at 8-9).

Petitioner also affirmed that he was waiving his right to a jury trial and to confront the witnesses against him, that he was waiving his right to challenge either his conviction or sentence in a post-conviction proceeding, except on specified grounds, and that he "knowingly and willingly accept[ed] this limitation on [his] right . . . to file post-conviction proceedings." (Id. at 9-12). The Court specifically reviewed the waiver language of Plea Agreement noting that Petitioner was waiving some important appellate rights. (Id. at 14). Petitioner affirmed that he was aware that he was waiving his right to appeal his conviction and sentence by way of a

direct appeal as well as post-conviction relief. (Id.). Petitioner affirmed that no one forced him to plead guilty and that he was satisfied with the services of his attorney. (Id. at 14-15).

The magistrate judge confirmed that counsel had reviewed each of the terms of the Plea Agreement with Petitioner and was satisfied that Petitioner understood them and knew what he was doing by pleading guilty. (Id. at 16). The magistrate judge accepted Petitioner's plea, finding that it was knowingly and voluntarily made with an understanding the charges, potential penalties, and consequences. (Id.).

A probation officer prepared a presentence report (PSR), initially calculating an adjusted offense level of 28, considering Petitioner's prior felony offenses and his possession of the firearm in connection with another felony offense. (Id. at 4). He then factored the offense level and criminal history category using the armed career criminal guideline, USSG §4B1.4, yielding a total offense level of 31. (Id. at 5). Based on that offense level and a criminal history category of VI, the resulting advisory Guidelines range was 188 to 235 months, with a mandatory minimum of 15 years, pursuant to § 924(e). (Id. at 19).

Counsel for Petitioner objected to the PSR, disputing that Petitioner was the person convicted of breaking and entering in 1977 (PSR ¶ 24) and that Petitioner qualified as an armed career criminal because the breaking and entering conviction was not a "crime of violence" for purposes of § 924(e). (Id. at 21-22). He also objected to an offense level increase based on a finding that the gun was possessed in connection with another felony offense and to the calculation of certain criminal history points. (Id. at 22).

On November 15, 2007, the Court conducted Petitioner's sentencing hearing. Petitioner affirmed that he was guilty of the offense, that all the answers he had given to the magistrate judge were true, and that he had sufficient time to review the PSR with his counsel. (Case No.

3

3:06cr185, Doc. No. 38: Sent. Hr'g Tr. at 1-4). The Court then heard argument on Petitioner's objections and found that the preponderance of the evidence showed that Petitioner was the individual who committed the 1977 breaking and entering offense, and that even without that conviction, he had three other qualifying convictions. (Id. at 5-11). Thus, the Guidelines range and statutory mandatory minimum as set forth in the PSR were correct. (Id. at 11). Petitioner did not voice objections to any other prior conviction, but apologized for having the gun. (Id. at 13). The Court sentenced Petitioner to 188 months' imprisonment, the bottom of the advisory Guidelines range. (Case No. 3:06cr185, Doc. No. 23: Judgment at 2).

Petitioner filed a timely Notice of Appeal on December 5, 2007. (Id., Doc. No. 26). Petitioner challenged the sufficiency of the evidence that he was the person convicted of the 1977 breaking and entering. (Doc. No. 7: Answer, Ex. 1). The Government moved to dismiss the appeal based on the Plea Agreement's appellate waiver. (Id., Ex. 2). On April 16, 2008, the United States Court of Appeals for the Fourth Circuit granted the Government's motion and dismissed the appeal. (Case No. 3:06cr185, Doc. No. 39: Order).

Petitioner timely filed the instant Motion to Vacate alleging errors of: (1) ineffective assistance of counsel regarding a 1983 breaking and entering conviction that had been reduced to a misdemeanor; defective indictment; prior convictions for non-residential burglaries used for sentencing as an armed career criminal; prior conviction for robbery reduced to larceny from the person; prior convictions improperly included in the § 851 notice; and a violation of the Ex Post Facto Clause.[1] (Doc. No. 1). Additionally, Petitioner claims a constitutional violation in one of

---

[1] Petitioner's motion is a single document comprised of 49 pages which appears to contain three parts. The first part, entitled "Motion to Vacate, Set Aside, Or Correct a Sentence by a Person in Federal Custody (Motion Under Title 28 U.S.C. § 2255)," contains pages 1 through 28 in the form of a memorandum. The second part, pages 29 through 35, are exhibits. The third part, pages 36-49, is Form AO 243, Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255.

his prior state convictions based on a detective's alleged conduct. (Id., at 24-25).

The Government responded to the motion and moved for summary judgment. (Doc. Nos. 7, 8). Petitioner then filed three pleadings. In one styled as a Response, he argued that he had not knowingly and intelligently waived the right to bring his claims. (Doc. No. 9). In another styled as a Motion to Supplement, Amend, and/or Clarify, he added claims of ineffective assistance of counsel for failing to challenge his 1977 breaking and entering, 1984 robbery, and 1994 cocaine-trafficking convictions as not qualifying as predicate offenses under § 924(e). (Doc. No. 12). A final pleading reiterated his claims that he had not waived his appellate rights and that his counsel was ineffective for allowing him to be sentenced as an armed career criminal. (Doc. No. 13).

II.   STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, a court must direct the Government to respond. Id. A court must then review the Government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted pursuant to Rule 8(a). A district court may dismiss a petitioner's claim without an evidentiary hearing when the pleadings and additional materials submitted by the parties conclusively show that a petitioner is not entitled to relief on any of his claims. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Additionally, summary judgment is appropriate in those cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to a judgment as a

matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying standard to motion to vacate). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, and answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations, or denials of allegations, in his pleadings to defeat a motion for summary judgment. Id. at 324. The nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord Sylvia Dev. Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995).

Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49. Following such review, the Court finds that the pleadings conclusively show that Petitioner is not entitled to relief on any of his claims; thus, a hearing is not required.

III.  LEGAL DISCUSSION

    A.  Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that

6

counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992).

The petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. Thus, a petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993) (internal quotation marks omitted)). In challenging his sentence, a petitioner must show, at a minimum, a "reasonable probability that his sentence would have been more lenient" but for counsel's errors. Royal v. Taylor, 188 F.3d 239, 248-49 (4th Cir. 1999) (internal quotation marks and citations omitted). If a petitioner fails to demonstrate prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

1. 1983 Breaking and Entering (PSR ¶ 26)

Petitioner asserts that he told his counsel before sentencing that a 1983 conviction for breaking and entering was reduced to a misdemeanor, yet counsel did not confirm that fact until two years later. (Doc. No. 1: Motion at 4-5, 41). The conviction document submitted by Petitioner shows that he received a sentence of two years' imprisonment suspended during three years' probation for misdemeanor breaking and entering and larceny. (Doc. No. 12, Exhibit C). A person who wrongfully breaks and enters any building is guilty of a misdemeanor in North Carolina. N.C.G.S. 14-54(b). However, an offense such as this one, classified by a state as a

misdemeanor, but punishable by two years or less, N.C.G.S. § 14-3 (1986), does not qualify as a "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 921(a)(20)(B). Thus, it does not qualify as a "violent felony" under § 924(e)(2)(B).

The Fourth Circuit has found that a counsel violates prevailing professional standards when he has reason to believe a prior conviction is a misdemeanor, but fails to object to its use for purposes of § 924(e). United States v. Tucker, 603 F.3d 260, 265 (4th Cir. 2010). In light most favorable to Petitioner, he gave counsel reason to believe the 1983 breaking and entering had been reduced to a misdemeanor. Thus, the Court finds Petitioner has presented sufficient information to avoid summary judgment against him on the performance prong of Strickland regarding the 1983 breaking and entering conviction. However, as detailed below, Petitioner has not satisfied the prejudice prong because his sentence would not have been more lenient if counsel had challenged the misdemeanor conviction. Therefore, he is not entitled to a hearing on this claim.

    2.  1977 Breaking and Entering (PSR ¶ 24)

Although counsel challenged the 1977 breaking and entering conviction at the sentencing hearing and on appeal, Petitioner did not allege that counsel's performance relating to this conviction was deficient in his Motion to Vacate.[2] (Doc. No. 1 at 4, 6). It was not until April 4, 2011, when Petitioner filed his Motion to Supplement, Amend, and/or Clarify, that he alleged counsel could have effectively challenged this conviction as not a predicate violent felony under § 924(e). (Doc. No. 12 at 3, Exhibit B).

---

[2] Petitioner argued that this conviction was not a residential burglary, and, thus, not countable as a "crime of violence" under the Guidelines. (Doc. No. 1: Motion at 19-20). He did not argue that it is not a "violent felony" under § 924(e) nor attribute any error to counsel.

Rule 15 of the Federal Rules of Civil Procedure governs the procedure for amending § 2255 motions. United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Absent bad faith, undue prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) is freely given. Id. (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).

A cause of action barred by an applicable statute of limitations is futile; therefore, an untimely amendment can be denied. Id. However, Rule 15(c) allows time-barred amendments if they "relate back" to the original pleading. Id. Rule 15(c) is satisfied "when 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading.'" Id. (quoting Fed. R. Civ. P. 15(c)(2), now codified as Fed. R. Civ. P. 15(c)(1)(B)). The Supreme Court has held that permissible new claims must relate to a "common core of operative facts" as the timely filed claims. Maye v. Felix, 545 U.S. 644, 664 (2005).

The Fourth Circuit's Judgment was entered on September 18, 2008. (Case No. 3:06cr185, Doc. No. 40). His conviction became final on December 17, 2008, when the time to file a petition the Supreme Court for certiorari expired. Clay v. United States, 537 U.S. 522, 524-25 (2003). Therefore, his limitations period under the Anti-Terrorism and Effective Death Penalty Act (AEDPA) expired one year later on December 18, 2009. See 28 U.S.C. § 2255. Because Petitioner filed his Motion to Amend on April 4, 2011, well after the one-year limitation period, it is untimely.

Petitioner's proposed amendment is not saved by Rule 15(c) because it does not relate back to his original Motion to Vacate. As detailed above, Petitioner initially alleged that he told his counsel prior to sentencing that his 1983 breaking and entering conviction was reduced to a misdemeanor. (Doc. No. 1: Motion at 4-5). In the proposed amendment, he adds facts that he

complained to counsel about the use of all his prior convictions to establish armed career criminal status, triggering counsel's duty to investigate them all. (Doc. No. 12: Motion to Amend at 3).

Although the challenged lack of performance allegedly occurred at the same stage prior to sentencing, the operative facts are different. One claim rests on the timely assertion that he specifically informed counsel that the 1983 breaking and entering was a misdemeanor. The other rests on an additional claim that he generally asserted none of his prior convictions should be used against him. The expanding nature of Petitioner's claim threatens the finality of § 2255 litigation which the statute of limitations is intended to protect. Consequently, the Court finds that the proposed ineffective assistance of counsel claim about the 1977 breaking and entering conviction does not relate back to the ineffective assistance of counsel claim regarding the 1983 breaking and entering conviction in the Motion to Vacate.[3]

3.      1984 Robbery with Deadly Weapon (PSR ¶ 30)

Similarly, Petitioner did not allege that counsel was ineffective for not challenging the 1984 robbery conviction during the sentencing process in the original Motion to Vacate.[3] (Doc. No. 1 at 4-5). Petitioner included a claim in his Motion to Amend that counsel should have challenged the robbery conviction because it was reduced to larceny from the person. (Doc. No. 12 at 3, 5-6, Exhibit D). The Court finds that this claim does not relate back to the 1983

---

[3] Even if Petitioner's claim regarding the 1977 conviction were considered on the merits, he would not be entitled to a hearing. Petitioner was convicted of N.C.G.S. 14-54, breaking and entering with intent to commit a felony. (Doc. No. 12 at 3-4, Exhibit B). The Fourth Circuit has determined that generic burglary statute qualifies as a predicate violent felony under § 924(e). United States v. Thompson, 588 F.3d 197, 202 (4th Cir. 2009).

[3] Petitioner's claim about this conviction, not based on ineffective assistance of counsel (Doc. No. 1: Motion at 43), will addressed below.

breaking and entering claim because it relies on different operative facts; therefore, Petitioner is not entitled to a hearing on this untimely claim.[4]

        4.      1994 Possession with Intent to Sell Cocaine (PSR ¶ 38)

Again, Petitioner did not allege that counsel was ineffective for not challenging the 1994 cocaine conviction during the sentencing process in the original Motion to Vacate. (Doc. No. 1 at 4-5). Petitioner included a claim in his Motion to Amend that counsel should have challenged the cocaine conviction because it allegedly is not punishable by ten years or more. (Doc. No. 12 at 3, 6). The Court finds that this claim does not relate back to the 1983 breaking and entering claim because it relies on different operative facts; therefore, Petitioner is not entitled to a hearing on this untimely claim.[5]

Thus, even without considering the 1983 breaking and entering misdemeanor conviction, the record conclusively shows that Petitioner is not entitled to relief on this claim that ineffective assistance of counsel caused him to be sentenced as an armed career criminal because he has at least three other qualifying convictions.[6]

---

[4] Even if Petitioner's claim regarding the 1984 robbery conviction were considered on the merits, he would not be entitled to a hearing. Petitioner was convicted of felony larceny from the person and assault with a deadly weapon inflicting serious bodily injury. (Doc. No. 12, Exhibit D). The Fourth Circuit has determined that both offenses qualify as violent felonies under § 924(e). United States v. Jarmon, 596 F.3d 228, 230–33 (4th Cir.), cert. denied, 131 S. Ct. 145 (2010) (larceny from the person); United States v. Barnette, 203 F. App'x 518, 520 (4th Cir. 2006) (assault with a deadly weapon).

[5] Even if Petitioner's claim regarding the 1994 cocaine conviction were considered on the merits, he would not be entitled to a hearing. Petitioner was convicted in 1994 of possession with intent to sell cocaine for an offense committed on February 2, 1994. (Doc. No. 12, Exhibit K; PSR ¶ 38). The Fourth Circuit has determined that Petitioner's crime, at the time he was convicted, qualifies as a serious drug offense. United States v. McNeill, 598 F.3d 161, 164 (4th Cir. 2010) (subsequent amendment of the statute to reduce the punishment for offenses committed after October 1, 1994, did not change the result).

[6] Petitioner does not challenge counsel's performance relating to a 1982 attempted breaking and entering conviction (PSR ¶ 25), which could serve as a predicate violent felony. James v. United States, 550 U.S. 192, 204-5 (2007).

B. Defective Indictment

Petitioner claims that the indictment is defective because it alleges two offenses under the same statute, 18 U.S.C. § 924(c), in Count Two. (Doc. No. 1: Motion at 6-16, 40). Because Petitioner was not convicted of Count Two (Case No. 3:06cr185, Doc. No. 23: Judgment at 1), no alleged error in that count has resulted in his confinement. Therefore, he is not entitled to relief on this claim under § 2255(a).

C. Prior Convictions for Non-residential Burglaries (PSR ¶¶ 24, 26)

Next, Petitioner claims his Sixth Amendment rights were violated when the Court sentenced him as an armed career criminal based on facts "outside the indictment." (Doc. No. 1: Motion at 17-19). Additionally, Petitioner claims his breaking and entering convictions do not count as "crimes of violence" under the Guidelines because they involved commercial buildings, not residences. (Id. at 19-20).

As noted above, the Fourth Circuit enforced the waiver in Petitioner's Plea Agreement against him in dismissing his direct appeal. (Case No. 3:06cr185, Doc. No. 39: Order). That same waiver bars these claims of error by the Court during the sentencing hearing that were not contrary to stipulations in the Plea Agreement nor unanticipated issues certified by the Court for appeal.[7] (Id., Doc. No. 20 at ¶ 20).

Even if couched as claims of ineffective assistance of counsel, Petitioner is not entitled to relief. Counsel would not have prevailed on a Sixth Amendment argument against the Court

---

[7] Petitioner asserts that the waiver is not binding (Doc. No. 9: Response), but he is not free to relitigate issues in this § 2255 proceeding that were resolved against him on direct appeal. Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255.").

making factual determinations about Petitioner's prior convictions. United States v. Washington, 629 F.3d 403, 410 (4th Cir. 2011) (no Sixth Amendment or due process violation in judges finding facts about nature of prior convictions by a preponderance of the evidence in determining armed career criminal status). Additionally, the non-residential burglaries did not increase his base offense level under USSG §2K2.1 (enhancement for prior controlled substance offenses); rather the offense level was determined by the armed career criminal guideline, §4B1.4(b)(3)(A). (PSR at 5). It is well-settled that burglary of a commercial building qualifies as a violent felony for purposes of § 924(e). United States v. Taylor, 495 U.S. 575, 598 (1990). Thus, the record conclusively shows Petitioner is not entitled to relief on his claims regarding his breaking and entering convictions.

D. Larceny from the Person

Similarly, Petitioner claims that the Court erred in using a larceny from the person conviction to determine armed career criminal status. (Doc. No. 1: Motion at 43). This attack on the Court's sentencing decision is barred by Petitioner's Plea Agreement waiver. (Case No. 3:06cr185, Doc. No. 20 at ¶ 20). Even if it were not, he would not be entitled to relief on the merits of the claim because larceny from the person is a violent felony for purposes of § 924(e). United States v. Jarmon, 596 F.3d 228, 230–33 (4th Cir.), cert. denied, 131 S. Ct. 145 (2010).

E. § 851 Notice and Ex Post Facto Clause

Petitioner claims the Notice filed pursuant to 21 U.S.C. § 851 to enhance any sentence on Count One, (Case No. 3:06cr185, Doc. No. 7), impermissibly included convictions that do not qualify as felony drug offenses. (Doc. No. 1: Motion at 20-22, 40). Additionally, he claims that their use to enhance his sentence violated the Ex Post Facto Clause. (Id. at 22-23, 44). As with the attack on Count Two, Petitioner is not entitled to relief on this claim under § 2255(a) because

13

he was not convicted of Count One. (Case No. 3:06cr185, Doc. No. 23: Judgment at 1). His argument that his 1994 possession with intent to sell cocaine conviction could not be used to determine his armed career criminal status, (Doc. No. 1: Motion at 23), has been rejected by the Fourth Circuit. United States v. McNeill, 598 F.3d 161, 164 (4th Cir. 2010). Therefore, the record conclusively shows Petitioner is not entitled to relief on his claims regarding his prior drug convictions.

F. Fourth and Fifth Amendment Violations

Finally, Petitioner claims a detective coerced a confession in violation of the Fourth and Fifth Amendments which led to one of his prior convictions. (Doc. No. 1: Motion at 24-25). A defendant in a federal sentencing proceeding may only collaterally attack a prior state court conviction used to enhance his sentence based on a violation of the Sixth Amendment right to court-appointed counsel. Custis v. United States, 511 U.S. 485, 496 (1994). Because Petitioner does not claim that any of his underlying convictions were obtained in violation of his Sixth Amendment right to counsel, he is not entitled to relief in this proceeding.

IV. CONCLUSION

After reviewing the entire record in the light most favorable to Petitioner, the Court finds no genuine issues of material fact such that a rational trier of fact could find that Petitioner is entitled to relief on any of his claims.

**IT IS, THEREFORE ORDERED** that:

1. The Government's Motion for Summary Judgment (Doc. No. 8) is **GRANTED**;

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**; and

3. Petitioner's Motion to Amend (Doc. No. 12) is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, petitioner must establish both that dispositive procedural ruling is debatable, and that petition states a debatable claim of the denial of a constitutional right).

Signed: August 22, 2011

Robert J. Conrad, Jr.
Chief United States District Judge