**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:09–cv-477-RJC**
**(3:06-cr-185-RJC)**

| | | |
|---|---|---|
| **HANK AARON JOHNSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

      **THIS MATTER** is before the Court on Petitioner's Motion for Reconsideration, (Doc. No. 17); Motion to Reopen Judgment under Fed. R. Civ. P. 60(b), (Doc. No. 20), and his Addendum, (Doc. No. 21). For the reasons that follow, Petitioner's motions will be dismissed as an unauthorized, successive Motions to Vacate under 28 U.S.C. § 2255.

**I.     BACKGROUND**

      On December 15, 2006, Petitioner pled guilty to possessing a firearm as a convicted felon. (Case No. 3:09-cr-447, Doc. No. 21: Acceptance and Entry of Guilty Plea). On November 28, 2007, the Court entered Judgment sentencing Petitioner to 188 months' imprisonment as an Armed Career Criminal. (<u>Id.</u>, Doc. No. 23: Judgment at 1-2). Petitioner appealed to the United States Court of Appeals for the Fourth Circuit which dismissed the appeal on September 16, 2008. (<u>Id.</u>, Doc. No. 39: Order). On November 9, 2011, Petitioner filed a Motion to Vacate under § 2255. (Doc. No. 1). After the Court dismissed the motion, (Doc. No. 14: Order), Petitioner

1

filed the instant motions claiming that he should not have been sentenced as an Armed Career Criminal in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Thus, the Motions to Reconsider and to Reopen the Judgment under Rule 60(b) are simply successive § 2255 motions attacking the criminal Judgment by which he is incarcerated. United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003). Therefore, this Court is without jurisdiction to entertain the merits without authorization from the Fourth Circuit.

## II.     DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by [Section 2255] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." See also § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Petitioner has not shown that he has obtained the necessary permission from the Fourth Circuit to file a successive petition. Accordingly, this petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (failure of petitioner to obtain authorization to file a second or successive petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place."); United States v. Dudley, No. 12-7927, 2012 WL 765721, at *1 (4th Cir. Mar. 1, 2013) (district court obligated to dismiss unauthorized successive § 2255 motion).

## III.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Reconsideration, (Doc.

No. 17), and Motion to Reopen Judgment under Fed. R. Civ. P. 60(b), (Doc. No. 20), are

**DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v.

McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a

petitioner must establish both that the correctness of the dispositive procedural ruling is

debatable and that the petition states a debatably valid claim of the denial of a constitutional

right).

Signed: May 17, 2013

Robert J. Conrad, Jr.
Chief United States District Judge